RYAN v. CASAVER.

CALHOUN v. APPLEGATE.

No. 459.   Opinion Filed December 21, 1908.

(98 Pac. 928.)

**MUNICIPAL CORPORATIONS—Cities of the First Class—Statehood Changes in Indian Territory.** The facts and issues in these cases examined, and the law applied thereto as laid down in the case of State ex rel. v. Ledbetter, ante, p. 251, 97 Pac. 834.

(Syllabus by the Court.)

Proceedings by P. J. Ryan against J. C. Casaver, and William W. Calhoun against A. J. Applegate, to determine titles to office. Judgments for plaintiffs.

*Leon B. Fant,* for plaintiffs.
*Robert F. Blair,* for defendants.

DUNN, J.   The cases of P. J. Ryan v. J. C. Casaver, and William W. Calhoun v. A. J. Applegate are original proceedings in this court for the purpose of determining the question of who are entitled to hold the offices of chief of police or city marshal,

and police judge, respectively, of the city of Wagoner, Wagoner county, Okla. The facts and the law applicable thereto are identical. They have been consolidated and will be considered together.

An agreed statement of facts has been filed by the parties, which presents, substantially: That on or before November 16, 1907, Wagoner was a city of the second class under the laws then in force in the Indian Territory; that it was a city of more than 2,500 inhabitants and less than 6,000 inhabitants; that there was a valid ordinance on the books of said city providing for an election annually on the first Tuesday in April, of a mayor, city marshal, and other city officials; that said ordinance had never been repealed; that on the first Tuesday in April, 1908, an election was held in Wagoner in which J. C. Casaver was elected chief of police or city marshal, and A. J. Applegate was elected police judge; that the election was held pursuant to a proclamation of the Governor of the state of Oklahoma, issued under Senate Bill No. 114, and that the returns were made in accordance with the election laws then in force; that P. J. Ryan had theretofore been the city marshal of the city of Wagoner; that J. C. Casaver is now filling such office by virtue of such election; that shortly after April 7, 1908, the council of the city which was in existence on and prior to that date appointed W. W. Calhoun police judge of that city; also, that S. K. Johnson, Jr., who had been a member of the old council and also elected a member of the new council, was present and was necessary to make a quorum, and voted on the said appointee; that during the time that S. K. Johnson, Jr., was serving under the election of April 7, 1908, he removed from the ward which had elected him as its alderman, and immediately thereafter handed in his resignation as a member of the council, which resignation was accepted; and that in fact he had never been out of the old ward, wherein he was elected in 1907, the city of Wagoner having been redistricted for the purpose of the election of 1908.

The foregoing abstract of the agreed statement in our judg-

ment will present the issues which are necessary for consideration to determine this cause. The question involved in this case has been decided by this court in an opinion prepared by Justice Hayes, entitled *State ex rel. West v. Ledbetter, ante,* p. 251, 97 Pac. 834. Wagoner was a city of the second class under the laws in force in the Indian Territory prior to the admission of the state, having a population of more than 2,500, and thereby became, upon the admission of the state, by virtue of section 10 of the Schedule to the Constitution, a city of the first class. And it is held in the case to which we have just referred that the act of the first state Legislature, approved February 20, 1908 (Sess. Laws 1907-08, p. 183, c. 12), and the provisions thereof, do not apply to cities that were continued or became by section 10 of the Schedule to the Constitution cities of the first class under the laws extended in force in the state. The defendants in these cases occupy and are holding their offices under and by virtue of the election held pursuant to the provisions of that measure. This, having been held not to apply, necessarily renders their tenure void, as the election was without force or effect and gives them no claim upon the position which they are filling and holding. The fact that the election was held upon a day fixed by law for the holding of annual elections in cities in no wise changes this rule as to the offices elected, for, as is stated in the opinion to which we refer:

"The election of officers provided for in the act to be held at the time of the special election, held for the purpose of ascertaining whether such city shall be incorporated as a city of the first class, is for the purpose of providing officers with which to organize such municipal corporation, and not for the purpose of electing the successors of officers of cities of the first class already incorporated and organized."

In reference to S. K. Johnson, Jr., who acted as a member of the city council, in voting for the appointment of W. W. Calhoun, we will say that he was either a *de jure* or *de facto* officer, which is unnecessary for us to determine, as in either event the

result in this action in this case would not be influenced or changed thereby.

We therefore conclude that the election held on the 7th of April, 1908, in the city of Wagoner, Wagoner county, Okla., at which these defendants claim to have been elected, was held without authority, and the plaintiffs herein are entitled to the relief prayed for in their petition, and to recover their costs expended herein.

All the Justices concur.